UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS RUVALCABA,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>NEIL McDOWELL,<br><br>　　　　Respondent. | NO. CV 16-6864-DOC (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS<br>(SUCCESSIVE PETITION) |

On September 13, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner challenges multiple 2006 burglary convictions in Los Angeles County Superior Court. Because he previously challenged those convictions here in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization for another such challenge, the Court lacks jurisdiction over the new petition.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions in the Central District.

The Petition and judicially-noticeable records indicate that Petitioner pleaded no contest to seven counts of residential burglary, with gang enhancements, in 2006. After denying his motion to withdraw his plea, the court sentenced him to prison for the plea-bargained term of 24 years. *See People v. Ruvalcaba*, No. B196149, 2008 WL 217713 (Cal. Ct. App. 2d Dist.).

On July 21, 2009, petitioner filed a Petition for Writ of Habeas Corpus in this Court in case number CV 09-5300-DOC (AGR) (*Ruvalcaba I*). Petitioner challenged the same 2006 convictions. On February 10, 2012, the Court accepted the Magistrate Judge's Report And Recommendation, denied the habeas petition with prejudice, and denied a certificate of appealability. (Dkt. Nos. 44, 47, 48, 49 in *Ruvalcaba I*.) Petitioner did not file a Notice of Appeal, nor does the docket reflect that he sought a certificate of appealability from the Ninth Circuit.

On September 13, 2016, Petitioner filed the current Petition. Petitioner again challenges the 2006 convictions, asserting that his trial counsel failed to conduct a reasonable pre-plea investigation and that he (Petitioner) is actually innocent. (Petition at 5-6.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007);

*Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same 2006 convictions as in *Ruvalcaba I*. Petitioner has not obtained the required authorization from the Ninth Circuit for filing another habeas challenge to the same conviction.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

### III.
### ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: September 28, 2016

DAVID O. CARTER
United States District Judge